UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID WHITAKER, SR.           CIVIL ACTION NO. 15-cv-2430

VERSUS           JUDGE FOOTE

LARRY HALL, ET AL           MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

David Whitaker ("Plaintiff"), who is self-represented, filed this civil action against husband and wife Larry Hall and Gloria Espinoza Hall. The one-page handwritten complaint alleges that Plaintiff sold the Halls two acres of land but "some kind of way" the Halls ended up with seven acres of his land. Plaintiff adds that the Halls stole his identity, bought cars in his name, and stole over $500,000 from his bank accounts and credit cards. He alleges that Mrs. Hall has been "saying I was her sugar daddy, to make it look like I was dating her and I promise that never happen." Plaintiff adds, "I never got out of line with her or nobody look like her." Attached to the complaint are dozens of pages of bank records, correspondence from prior litigation, tax notices, and other documents, but there is no explanation of their relevance to the allegations. For the reasons that follow, it is recommended the complaint be dismissed for lack of subject-matter jurisdiction.

**Jurisdiction Required**

The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject-matter jurisdiction. <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997). If subject-matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. <u>Humphries v. Various Federal U.S. INS Employees</u>, 164 F.3d 936, 941 (5th Cir. 1999). Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. <u>Aetna v. Hillman</u>, 796 F.2d 770, 775 (5th Cir. 1986).

**Analysis**

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that Plaintiff has not alleged facts that would give this court subject-matter jurisdiction over the dispute.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as

any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). The filings indicate that both Plaintiff and the Halls are citizens of Louisiana.

Plaintiff lists an address in DeSoto Parish, Louisiana. The exhibits to Plaintiff's complaint include a cash sale deed from 2013 pursuant to which he sold a small tract of property to Gloria Espinoza. The appearance clauses state that both Plaintiff and Ms. Espinoza (who was then single) were domiciliaries of DeSoto Parish. The complaint does not list any other addresses for the Halls, and there are no exhibits that suggest the Halls are citizens of a state other than Louisiana. The apparent Louisiana citizenship of both Plaintiff and the Halls destroys the potential for diversity jurisdiction under Section 1332.

There is also no basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule governs whether a case arises under federal law for purposes of Section 1331. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 122 S.Ct. 1889, 1893 (2002). Under the rule, a claim arises under federal law when the plaintiff's statement of his own cause of action shows that it is based upon federal law or the constitution. Beneficial National Bank v. Anderson, 123 S.Ct. 2058, 2062 (2003). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. Gutierrez v. Flores, 543 F.3d 248, 252 (5th Cir. 2008).

Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any

nonfrivolous federal claim. It appears that all of Plaintiff's claims would fall under state law theories of conversion, breach of contract, fraud, or the like.

**Conclusion**

Plaintiff's complaint does not set forth allegations that meet his burden of presenting facts that permit this court to exercise subject-matter jurisdiction. His complaint should be dismissed without prejudice for lack of jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue. The federal court is simply not the proper court for the dispute between these parties. Plaintiff should also ensure that any suit he files in another court is timely and states an actionable claim under state law. Filing a frivolous suit in state court can, as in federal court, result in the filer being sanctioned.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of October, 2015.

Mark L. Hornsby
U.S. Magistrate Judge